# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

ROGER FLUTE,                        )
                                    )
            Plaintiff,               )
                                    )
v.                                  )     Case No. CIV-14-509-RAW-KEW
                                    )
CAROLYN W. COLVIN, Acting           )
Commissioner of Social              )
Security Administration,            )
                                    )
            Defendant.               )

## REPORT AND RECOMMENDATION

Plaintiff Roger Flute (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant - taking into account his age, education, work experience, and RFC - can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* <u>Williams v. Bowen</u>, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on June 16, 1968 and was 46 years old at the time of the ALJ's decision. Claimant completed his high school education. Claimant has worked in the past as a carpenter, heavy equipment operator, residential care aide, and chainsaw operator. Claimant alleged an inability to work beginning June 28, 2008 due

to limitations resulting from problems with his shoulder blades and back, a foot injury, tingling in his hands and feet, suicidal thoughts, depression, and hallucinations. Claimant was considered for a closed period of disability from June 28, 2008 through August of 2013 because Claimant returned to work. (Tr. 814).

**Procedural History**

On July 30, 2008, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. After an administrative hearing, the Administrative Law Judge ("ALJ") issued and unfavorable decision on April 15, 2010.

On appeal to this Court, the ALJ's decision was reversed and the case was remanded for further proceedings on March 27, 2013. On April 1, 2014, ALJ Bernard Porter conducted a further administrative hearing. On September 18, 2014, he issued another unfavorable decision. Plaintiff did not file exceptions to the decision and the Appeals Council did not conduct a review. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.984, 416.1484.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he retained the RFC to perform light work with limitations.

**Error Alleged for Review**

While the individual points of alleged error are not clearly set forth in Claimant's brief, it appears Claimant asserts that the ALJ committed error in (1) failing to properly assess his credibility; and (2) failing to properly consider the opinions of the consultative mental examiners.

**Consideration of Medical Source Opinions**

In his decision, the ALJ determined Claimant suffered from the severe impairments of poly-substance abuse; posttraumatic stress disorder ("PTSD"); anxiety disorder; depressive disorder; schizoaffective disorder; personality disorder; lumbar disc disease; aortic stenosis; ventricle septal defect; a history of a transient ischemic attack; heart palpitations; gastroesophageal reflux disease ("GERD"); and obesity. (Tr. 583). The ALJ concluded that Claimant retained the RFC to perform light work. In so doing, the ALJ found Claimant could lift/carry up to twenty pounds occasionally and ten pounds frequently; stand/walk for six

5

hours in an eight hour workday; sit for six hours total during an eight hour workday; push and pull as much as he could lift and carry; occasionally use foot controls; occasionally climb ramps and stairs but never climb ropes, ladders, and scaffolds or crawl; and occasionally kneel and frequently stoop, crouch, and balance. The ALJ found Claimant would require a sit/stand option that would allow for a change of position at least every 30 minutes. The ALJ required Claimant to avoid exposure to unprotected heights, moving mechanical parts and temperature extremes. Due to psychologically based factors, Claimant was limited to simple tasks and simple work related decisions with occasional interaction with co-workers and supervisors and no interaction with the public. The ALJ estimated Claimant might have been off task up to 10% of the workday. (Tr. 589).

After consultation with a vocational expert, the ALJ found Claimant could perform the representative jobs of conveyor line bakery worker, small products assembler, and garment bagger. (Tr. 600). As a result, the ALJ found Claimant was not disabled from June 28, 2008 through August 21, 2013. (Tr. 601).

Claimant contends the ALJ erred by failing to consider the opinion testimony from two mental health professionals - Dr. Laura Lochner and Dr. Denise LaGrand. On October 9, 2008, Dr. Lochner

6

completed a Psychiatric Review Technique form on Claimant. She determined Claimant suffered from affective disorders, anxiety-related disorders, personality disorders, and substance addiction disorders. (Tr. 299). Claimant's depressive disorder was characterized by sleep disturbance, feelings of guilt or worthlessness, difficulty concentrating or thinking, and thoughts of suicide. (Tr. 302).

Under her findings of functional limitations, Dr. Lochner found Claimant had moderate limitations in the areas of activities of daily living, difficulties in maintaining social functioning, and difficulties in maintaining concentration, persistence, or pace. She also determined Claimant suffered one or two episodes of decompensation of extended duration. (Tr. 309).

Dr. Lochner also completed a mental RFC assessment form. She determined Claimant was markedly limited in the areas of the ability to understand and remember detailed instructions, the ability to carry out detailed instructions, and the ability to interact appropriately with the general public. He was found to be moderately limited in the areas of the ability to maintain attention and concentration for extended periods, ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances, ability to work in

7

coordination with or proximity to others without being distracted by them, ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods, ability to accept instructions and respond appropriately to criticism from supervisors, ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes, ability to respond appropriately to changes in the work setting, ability to travel in unfamiliar places or use public transportation, and ability to set realistic goals or make plans independently of others. (Tr. 295-96).

In the narrative statement, Dr. Lochner stated

> Claimant able to understand and perform simple one or two step tasks. He should be able to avoid normal work place hazards. He could not be expected to interact with the general public. He would be expected to need some additional supervision to complete tasks. He would be expected to have problems accepting criticism from others. He would not be expected to perform or complete complex or stressful tasks. He should be able to interact with coworkers on a superficial basis for non complex work duties.

(Tr. 297).

In his decision, the ALJ gave the "State Agency psychologists'" opinions "great weight", of which Dr. Lochner was one. He found the opinions were fully supported by and consistent

with the medical evidence of record as a whole. (Tr. 597). Claimant contends that Dr. Lochner's opinion that he would have problems accepting criticism from others was not incorporated in his RFC. As a result, Claimant asserts the ALJ committed error by failing to provide reasons for rejecting Dr. Lochner's opinion in this regard.

The ALJ is required to consider all medical opinions, whether they come from a treating physician or non-treating source. Doyle v. Barnhart, 331 F.3d 758, 764 (10th Cir. 2003); 20 C.F.R. § 416.927(c). He must provide specific, legitimate reasons for rejecting any such opinions. The ALJ must also give consideration to several factors in weighing any medical opinion. Id.; 20 C.F.R. § 416.927(d)(1)-(6). It does not appear that the ALJ either implicitly or explicitly rejected Dr. Lochner's opinion. The ALJ expressly considered Dr. Lochner's report and included a restriction in his RFC findings to occasional interaction with co-workers and supervisors and no interaction with the public to accommodate Claimant's problems accepting criticism from others. (Tr. 589). However, by including this same limitation, the ALJ necessarily failed to include a requirement in the RFC assessment for additional supervision as reflected in Dr. Lochner's opinion. Since the ALJ failed to include an explanation for this omission

while according "great weight" to the opinion, the ALJ must explain the basis for rejecting this condition on remand.

Claimant also contends the ALJ failed to include the restrictions found by Dr. LaGrand - also a consulting mental health professional. Dr. LaGrand completed a Psychological Assessment on October 26, 2009. Based upon Claimant's performance on various tests, Dr. LaGrand concluded that Claimant's ability to perform adequately in most job situations, handle the stress of a work setting and deal with supervisors or co-workers was estimated as low average. (Tr. 366).

Dr. LaGrand also completed a medical source statement which indicated Claimant was moderately limited in the functional areas of understanding and remembering complex instructions, carrying out complex instructions, the ability to make judgments on complex work-related decisions, and responding appropriately to usual work situations and to changes in a routine work setting. She wrote that Claimant's "low processing speed will be problematic in many work settings." She also found Claimant's past employment had ended not because of social issues but because of family problems. (Tr. 368-69). Again, while the ALJ gave Dr. LaGrand's opinion "great weight," it does not appear that he accommodated Claimant's slow processing speed in his RFC assessment. On remand, he shall

re-evaluate all of Dr. LaGrand's findings on functional limitations and either include them in the RFC or explain why they are rejected.

### Credibility Determination

The ALJ acknowledged to Claimant's subjective complaints but found it inconsistent with the various findings by medical professionals who examined Claimant. (Tr. 583-86, 591-92). The ALJ also accurately noted Claimant's instances of failing to follow treatment. (Tr. 585-86, 593). The ALJ also found Claimant's activities of daily living did not support his statements of debilitation and supported his findings with recitations to the inconsistencies in Claimant's testimony. (Tr. 587-88, 590-93). Moreover, the ALJ could not be expected to ignore the fact that Claimant returned to work after his onset date. (Tr. 582).

It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id. Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location,

11

duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3.

The ALJ expressly and affirmatively linked his findings on credibility with the objective medical record. This Court finds no error in the ALJ's analysis.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order. The parties

are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief.  Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 10th day of March, 2016.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE